STATE OF HAWAI`I, Plaintiff-Appellant,
v.
SHAYNE EDRALIN, Defendant-Appellee
No. 29061.
Intermediate Court of Appeals of Hawaii.
February 20, 2009
On the briefs:
Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellant.
Linda C.R. Jameson, for Defendant-Appellee.

MEMORANDUM OPINION
WATANABE, Presiding Judge, and FOLEY, J; and NAKAMURA, J., concurring separately.
Plaintiff-Appellant State of Hawai`i (the State) appeals from the Order Granting Defendant's Motion to Suppress Evidence and Statements (Order) filed on February 11, 2008 in the Circuit Court of the First Circuit (circuit court).[1]
On appeal, the State argues that although the stop and seizure of Defendant-Appellee Shayne Edralin (Edralin) were unlawful, the circuit court erred in suppressing the knife, the sock filled with coins, Edralin's statements, and observations of Honolulu Police Department Officer Miller and other witnesses regarding the charged offense of Terroristic Threatening in the First Degree.[2] The State asks this court to vacate the Order.

I. BACKGROUND
On March 7, 2007, at 1:00 a.m., Officer Miller was patrolling the area near the Salt Lake Safeway store when he noticed Edralin walking up an incline at a high rate of speed. Officer Miller drove to the Safeway, and as he got out of his vehicle, he saw Edralin enter the Safeway. Officer Miller observed Edralin through Safeway's glass windows and saw Edralin duck under the chain at a closed cashier stand. Edralin was in the store for less than a minute. As Edralin tried to exit through the automated entrance door, Officer Miller blocked Edralin's path.
Officer Miller testified that at that point he believed that Edralin had "either shoplifted or was going to rob the store." Officer Miller made eye contact with a store clerk (Mr. Takeuchi) as if to ask whether Edralin had shoplifted. Mr. Takeuchi shook his head and shrugged his shoulders. Mr. Takeuchi testified that he did not notice anything in Edralin's hands when Edralin walked past him.
Officer Miller physically blocked Edralin's exit from the store to keep Edralin from leaving. Officer Miller saw Edralin clinching his right hand tightly down at his side. Officer Miller then moved his left hand toward Edralin's right hand while firmly stating: "What's in your hand." Officer Miller testified that at the point where he asked this question of Edralin, Officer Miller was stopping Edralin.
At some point as Officer Miller's hand moved towards Edralin's clinched hand, Officer Miller saw the blade of a knife. Edralin held the knife at his side with the blade pointed toward Officer Miller's stomach while backing away to a distance of about seven-to-nine feet.
Officer Miller responded by pulling out his handgun and aiming at Edralin. Edralin flicked the knife in an underhanded motion in the general direction of Officer Miller, and the knife landed in a shopping basket on the floor to the right of Officer Miller.
Officer Miller asked Edralin if he had any other weapons. Edralin threw a sock filled with coins in the general direction of Officer Miller, and the sock landed next to the same shopping basket.
On March 19, 2007, the State charged Edralin with Terroristic Threatening in the First Degree.
On August 27, 2007, Edralin filed a Motion to Suppress Evidence and Statements (Motion to Suppress), in which Edralin sought to suppress the knife, the sock, and "all evidence, statements and actions that constitute `fruits of the poisonous tree.'"
The State filed its opposition memorandum to the Motion to Suppress on November 1, 2007.
On November 7, 2007, the circuit court held a hearing and took the Motion to Suppress under advisement.
The circuit court held another hearing on November 21, 2007 and orally granted the Motion to Suppress.
On February 11, 2008, the circuit court filed its Order, in which the court concluded that Officer Miller's action constituted a warrantless seizure of Edralin's person, Officer Miller did not have probable cause to arrest Edralin and could not point to specific and articulable facts arising to reasonable suspicion, and Edralin had not been free to leave.
On March 7, 2008, the circuit court held another hearing to clarify what evidence the Order covered. At that hearing, the State conceded that Officer Miller illegally searched Edralin, but argued that intervening factors arose and attenuated the taint of the illegal search. The circuit court clarified that "the basis for the Court's granting the motion was both the initial seizure of [Edralin], [the officer's] continuous seizure, and [the officer's] order [to Edralin] to open his hand which the Court considers a search" and that "all evidence derived from the seizure of [Edralin], including the observations of the officer, is suppressed and precluded from trial."
On March 12, 2008, State filed its Notice of Appeal.

II. STANDARDS OF REVIEW
"An appellate court may freely review conclusions of law and the applicable standard of review is the right/wrong test. A conclusion of law that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned." Dan v. State, 76 Hawai`i 423, 428, 879 P.2d 528, 533 (1994) (internal quotation marks and citations omitted).

Ill. DISCUSSION
Although the detention of Edralin was unlawful, the charge of terroristic threatening was not affected by Edralin's unlawful detention. State v. Kachanian, 78 Hawai`i 475, 485, 896 P.2d 931, 941 (App. 1995). In Kachanian, we held that an illegal arrest did not affect a "resisting arrest charge." Id. Similarly, Edralin's unlawful detention does not affect the terroristic threatening charge, and this charge, and the evidence on which it is based, cannot be treated as a "product or fruit" of Edralin's unlawful detention. Id. at 486, 896 P.2d at 942.
Accordingly, we hold that the circuit court erred in suppressing the evidence.

IV. CONCLUSION
The Order Granting Defendant's Motion to Suppress Evidence and Statements filed on February 11, 2008 in the Circuit Court of the First Circuit is vacated, and this case is remanded for further proceedings consistent with this opinion.
NOTES
[1] The Honorable Dexter D. Del Rosario presided.
[2] Hawaii Revised Statutes (HRS) § 707-716(1) (c) and/or 707-716 (1) (d) (Supp. 2006).